UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD REYNOLDS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:13-cv-1465 (SRU) |
| | : | |
| LEO ARNONE, et al., | : | |
| Defendants. | : | |

INITIAL REVIEW ORDER RE AMENDED COMPLAINT

The plaintiff, Richard Reynolds, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed this action *pro se*. On October 15, 2013, the court dismissed all claims for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq,, collective punishment and retaliation as well as all claims deriving from an incident between defendant Cahill and inmate Webb. The court directed Reynolds to file an amended complaint that did not include unrelated causes of action. Reynolds names five defendants, Leo Arnone, Angel Quiros, Edward Maldonado, Gerard Ganye and Mark Frayne in his amended complaint as well as unspecified John and Jane Does.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

      Reynolds challenges the conditions of confinement on death row as violating the Eighth Amendment prohibition against cruel and unusual conditions of confinement, the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the Ex Post Facto Clause.  Those conditions include confinement in his cell for 23 hours per day since 1995, uncomfortable temperatures, lack of educational or work programs, no communal dining, no access to the gymnasium, limited exercise opportunities, no communal religious services, no access to clergy of his faith, lack of full access to the commissary, no contact visits, inability to participate in the picture program, reduction in prison pay and inadequate mental health care.  Reynolds includes in his amended complaint references to collective punishment.  Doc. #10, ¶¶ 56, 61.  All claims regarding collective punishment were dismissed in the prior order and are not reinstated by these references.

ORDERS

    In accordance with the foregoing analysis, the court enters the following orders:

    (1)    The **Clerk shall** verify the current work addresses for defendants Arnone, Quiros, Maldonado, Frayne and Gayne with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the amended complaint to each

defendant at the confirmed address within **fourteen (14) days** of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet containing the amended complaint to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file a return of service within twenty (20) days from the date of this order.

(3)     The **Clerk shall** send a courtesy copy of the Complaint to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)**

from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the plaintiff's address changes at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9)     No other claims or defendants will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint.  No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them.

**SO ORDERED** this 21st day of November 2013, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge