UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD REYNOLDS,<br>　　　Plaintiff,<br><br>　　　v.<br><br>LEO ARNONE, et al.,<br>　　　Defendants. | No. 3:13-cv-1465 (SRU) |

## RULING ON PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff Richard Reynolds has filed a multipart motion *in limine* in advance of his trial, which is scheduled to commence on December 6, 2022. *See* Doc. No. 223. On November 21, 2022 and December 1, 2022, I held a two-part pretrial conference on the record with David Rosen and Tyler Flinn, attorneys for the plaintiff; and Terrence O'Neill, Janelle Medeiros, James Belforti, and Carmel Motherway, attorneys for the defendants. For the reasons set forth below and on the record in court during the pretrial conference, Reynolds' motion *in limine* is **granted in part and denied in part**.

## I.   MOTION *IN LIMINE*

Reynolds has filed an eleven-part motion *in limine*. Doc. No. 223. For the reasons explained below and on the record at the pretrial conference, the subparts of the plaintiff's motion *in limine* are decided as follows:

- Motion Concerning the Continuing Violation Doctrine: GRANTED
- Motion to Exclude Details of Reynolds' Crime: GRANTED
- Motion to Exclude Disciplinary History: DENIED WITHOUT PREJUDICE
- Motion to Limit Dr. Saathoff's Testimony: GRANTED
- Motion to Preclude Dr. Gagne and Dr. Frayne from Offering Any Opinion about Plaintiff's Psychological Condition: DENIED AS MOOT
- Motion to Preclude Defendants from Arguing Confinement Conditions Are Part of Reynolds' Sentence: GRANTED
- Motion to Exclude Reynolds' Full Medical File: GRANTED

- Motion to Exclude 6 Fact Witnesses: DENIED WITHOUT PREJUDICE
- Motion to Exclude Testimony about Reynolds' Sentencing and Resentencing: DENIED AS MOOT
- Motion to Preclude Testimony Concerning Correctional Classification and Procedures: DENIED
- Motion to Blur "Clockers": GRANTED

A. <u>Motion Concerning the Continuing Violation Doctrine</u>

The plaintiff's motion seeking damages for continuing constitutional violations is **granted**. As discussed during the pretrial conference, I will instruct the jury that if they find that between July 2009 and October 2010, one or more of the defendants engaged in conduct (or omission of conduct) that could give rise to liability during that period, then the statute of limitations shall be extended to prior to July 2009. *See Lucente v. Cty. of Suffolk*, 980 F.3d 284, 309 (2d Cir. 2020) (applying the continuing violation doctrine in a Section 1983 claim where a plaintiff plausibly alleged "the existence of an ongoing [Constitutional violation] and some non-time-barred acts taken in furtherance of that policy."). The harms about which Reynolds complains are obviously continuous rather than discrete.

B. <u>Motion to Preclude Details of Reynolds' Crime</u>

The motion to preclude the defendants from admitting into evidence details of Reynolds' underlying crime is **granted**. The parties have already stipulated that "Reynolds was convicted of one count of capital felony for the murder of a police officer in violation of General Statutes (Rev. to 1991) § 53a-54b (1) and one count of murder in violation of General Statutes § 53a-54a (a)." Doc. No. 222 at 19. The jury, therefore, will know that Reynolds was convicted of murdering a police officer. Details beyond this information would be highly prejudicial and not relevant. In fact, the defendants confirmed at the pretrial conference that Reynolds was classified at the lowest risk level for escape and dangerousness—indicating that either the details of Reynolds' crime were not factored into his classification as an inmate, or they were considered

and did not substantially impact his classification. The defendants also confirmed at the pretrial conference that the details of the crime also did not affect Reynolds' violence of offense classification because the classification requirements for inmates on death row bound the defendants' discretion to classify Reynolds for violence. Accordingly, because any "probative value" of the details of Reynolds' crime would be "substantially outweighed by a danger" of "unfair prejudice," I must exclude the details of the underlying crime. Fed. R. Evid. 403.

    C.  <u>Motion to Exclude Disciplinary History</u>

For the reasons discussed on the record, the motion to preclude the defendants from introducing the plaintiff's disciplinary history more than ten years before the liability period is **denied without prejudice**.

    D.  <u>Motions Concerning the Testimonies of Dr. Saathoff, Dr. Gagne, and Dr. Frayne</u>

For the reasons discussed on the record and in my Memorandum of Decision Regarding Rulings on Expert Testimony, doc. no. 253, the motion to limit the defendants' expert Dr. Saathoff from offering an opinion about the plaintiff's psychological condition is **granted.**

Additionally, the motion to preclude the defendants from offering any opinion about the plaintiff's psychological condition is **denied as moot** with respect to Dr. Gagne and Dr. Frayne. The defendants have clarified that they intend to call Dr. Gagne and Dr. Frayne as fact witnesses, not expert witnesses. Accordingly, I will allow them to offer testimony about their personal observations of Reynolds, including evidence related to Reynolds' condition. As fact witnesses, I also permit the two to use medical terminology in their testimony, including, for example, providing testimony about the patients they treat and the conditions those patients experience.

> E. <u>Motion to Prevent Defendants from Arguing Confinement Conditions Are Part of Reynolds' Sentence</u>

The motion to preclude the defendants from arguing that the conditions of confinement are part of the plaintiff's criminal sentence is **granted**. Unless the defendants supply relevant and persuasive authority, the defendants cannot argue that retribution is a valid penological interest for a jailor or prison. Retribution is a valid penological interest of the sentencing court. The sentence imposed on Reynolds by the Court, however, did not specify his conditions of confinement. It simply set forth the penalty of death and, later, life imprisonment. The conditions under which Reynolds was to serve term were separately determined. The defendants have not provided any case law showing that jailors, when exercising their discretion to impose certain conditions of confinement, can impose those conditions with the motivation of punishing an inmate for the original crime. Absent precedent showing otherwise, prisons cannot apply their own penological interests to justify punishing an inmate beyond the sentence imposed.

In repeatedly citing *Rhodes* at the pretrial conference to justify such a penological interest, the defendants misinterpret Supreme Court precedent. In *Rhodes*, the Supreme Court did not validate the existence of such a penological interest for jailors. On the contrary, *Rhodes* simply stated that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, at 452 U.S. 337, 350 (1981). In fact, *Rhodes* "turned on the objective component of an Eighth Amendment prison claim" concerning whether the conditions themselves were "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The Court in *Rhodes* did not reach the subjective component, or whether "the officials act[ed] with a sufficiently culpable state of mind" such that they violated the Eighth Amendment. *Id*.

The defendants have not presented any precedent showing that the defendants can lawfully have a penological interest in subjecting Reynolds to certain confinement conditions.

4

Unless the defendants can find such doctrinal support, I preclude the defendants from arguing that the Eighth Amendment permits jailors to exercise their discretion to impose certain confinement conditions for their own retributive ends.

F. Motion to Exclude Reynolds' Full Medical File

The motion to preclude the introduction of the plaintiff's full Department of Correction Medical File is **granted**. The defendants wish to introduce over 1500 pages of medical records from the entirety of Reynolds' time at Northern. Requiring this court or the jury to review those records is a burden unjustified by the records' purported evidentiary value. *See* Fed. R. Evid. 403.

Importantly, the plaintiff is not making a claim of deliberate indifference with respect to lack of health care or medical treatment, and the plaintiff now only seeks garden variety emotional distress damages. Additionally, at the pretrial conference, the plaintiff confirmed that he will not claim that he has been denied mental healthcare. Given the narrowing of the plaintiff's claims, the entirety of the medical records is unlikely to be sufficiently relevant to the case at bar to outweigh the burden its introduction imposes.

If the defendants wish to introduce particular records from the files and demonstrate their relevancy, I will reconsider those individual records. Further, to the extent that information about the frequency of Reynolds' medical appointments is relevant, that evidence may be elicited from Reynolds during cross-examination. If Reynolds answers such a question in a way that contradicts the medical records, then the defendants may use portions of the medical records for the purpose of witness impeachment. Otherwise, I grant the plaintiff's motion to exclude the full medical record file.

G. <u>Motion to Exclude 6 Fact Witnesses</u>

The motion to bar the defendants' six fact witnesses from testifying on the conditions of confinement is **denied without prejudice**.

H. <u>Motion to Exclude Testimony about Reynolds' Sentencing and Resentencing</u>

The motion to preclude testimony about the plaintiff's sentencing and resentencing is **denied as moot**. The defendants have indicated that they no longer intend to call this witness.

I. <u>Motion to Preclude Testimony Concerning Correctional Classification and Procedures</u>

The motion to preclude defendants from calling two witnesses to testify about Department of Corrections classifications procedures and records is **denied.**

J. <u>Motion to Blur "Clockers"</u>

The motion to bar the defendants from referring to the book *Clockers* is **granted**. The defendants shall blur "Clockers" from any photos presented as exhibits.

So ordered.

Dated at Bridgeport, Connecticut, this 5th day of December 2022.

/s/ STEFAN R. UNDERHILL<br>
Stefan R. Underhill<br>
United States District Judge